UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BLACKMAN & CO., INC.,

        Plaintiff,

   v.

GE BUSINESS FINANCIAL
SERVICES, INC. and
RIVERWINDS URBAN RENEWAL,
LLC., et al.,

        Defendants.

Civil No. 15-7274 (NLH/JS)

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES:**

MARC SHORTINO
GARTNER + BLOOM, P.C.
675 MORRIS AVENUE
SPRINGFIELD, NEW JERSEY 07078

JONATHAN A. CASS
EDWARD SEGLIAS
MATTHEW GIOFFRE
COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC
30 S. 17TH STREET, 19TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
    On behalf of plaintiff Blackman & Co., Inc.

MICHAEL C. FALK
ROBERT E. WARRING
REED SMITH LLP
PRINCETON FORRESTAL VILLAGE
136 MAIN STREET, SUITE 250
PRINCETON, NEW JERSEY 08540

SAMUEL J. PARK
REED SMITH LLP
355 SOUTH GRAND AVENUE, SUITE 2900
LOS ANGELES, CA 90071
    On behalf of defendants GE Business Financial Services,

Inc. and Riverwinds Urban Renewal, LLC

**HILLMAN**, **District Judge**

In its complaint, plaintiff Blackman & Co., Inc. seeks the dismissal of defendants GE Business Financial Services, Inc. and Riverwinds Urban Renewal, LLC's demand for arbitration with the American Arbitration Association against Blackman regarding alleged construction defects in an age-restricted building project. On July 7, 2016, the Court denied the motion of GEBFS/Riverwinds to dismiss the complaint and compel arbitration. (Docket No. 49.) The Court found that the plain language of the operative contract strongly suggested the nonarbitrability of GEBFS/Riverwinds' claims against Blackman.

In Blackman's opposition to GEBFS/Riverwinds' motion to dismiss, Blackman advanced a cross-motion in support of its demand to dismiss the matter from arbitration. The Court noted how this cross-motion was procedurally improper, see Docket No. 49 at 8 n.4, and it converted Blackman's motion to one for summary judgment pursuant to Federal Civil Procedure Rule 56(f)(3). In accordance with that rule, GEBFS/Riverwinds was provided two weeks to file a letter brief setting forth why the Court should not grant summary judgment in favor of Blackman.

GEBFS/Riverwinds has responded accordingly, and states that it stands by its position on the matter as articulated in its

2

prior briefs, and it will not belabor the issue. GEBFS/Riverwinds also asks that the Court clarify a statement in the Opinion, wherein the Court stated, "The requirement of timely notice of a dispute to the architect concerning a 'contract for construction' further supports that the entire contract, including the dispute resolution procedures, relates to the process of construction, and not occurrences or conditions that are discovered after the process of construction is complete." (Docket No. 49 at 16.) GEBFS/Riverwinds seeks "confirmation that the Court did not intend for its ruling, or its interpretation of the Blackman General Contract, to be broadly construed as precluding any claims related to construction defects that are discovered after the completion of construction." (Docket No. 51 at 2.)

As recognized by GEBFS/Riverwinds, the Court indicated at the beginning of the discussion section in its Opinion, "The sole issue to resolve in this case is whether the arbitration provisions in the contract between Blackman and Grove Street, which Grove Street assigned to GEBFS/Riverwinds, should be enforced regarding GEBFS/Riverwinds' claims against Blackman for post-construction defects." (Docket No. 49 at 6.) The Court's subsequent analysis of the contract was limited to resolving that sole issue. Because the issue of whether the contract

3

precludes claims for construction defects discovered after the completion of construction was not before the Court, the Court did not, and does not now, express any opinion on that issue.

Thus, because GEBFS/Riverwinds has not presented any new argument that the Court has not already thoroughly considered, the Court incorporates the analysis from its July 7, 2016 Opinion here, and finds that summary judgment in favor of Blackman on its claim for the dismissal of the GEBFS/Riverwinds-instituted arbitration proceeding is proper.

THEREFORE,

IT IS on this ___4th___ day of __August__, 2016

ORDERED that plaintiff's cross-motion to dismiss the arbitration demand [37], converted to one for summary judgment pursuant to Fed. R. Civ. P. 56(f)(3), be, and the same hereby is, GRANTED; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4